FORM 26. Docketing Statement    Form 26 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 2025-1884

**Short Case Caption:** Kotis Associates, LLC v. United States

**Filing Party/Entity:** United States of America

> **Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
| --- | --- | --- |
| Court of Federal Claims | 20-cv-0932 | Tucker Act/Takings |

**Relief sought on appeal:** ☐ None/Not Applicable

Reversal of the judgment of the Court of Federal Claims.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

The Court of Federal Claims awarded Plainitffs-Appellees $42,641,740 in just compensation plus pre-judgment interest.

**Briefly describe the judgment/order appealed from:**

The Court of Federal Claims held that a Notice of Interim Trail Use (NITU) issued by the Surface Transportation Board (STB) effected a taking of Plaintiffs' property and awarded just compensation in the amount of $42,641,740.

Nature of judgment (select one):     Date of judgment: 7/25/25

☐ Final Judgment, 28 USC § 1295
☒ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain)                    _____

FORM 26. Docketing Statement                                Form 26 (p. 2)
                                                                July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued. ☑ None/Not Applicable

Issues to be raised on appeal: ☐ None/Not Applicable

(1) Whether the description of the rail corridor submitted by the City of Greensboro to the STB fixed the dimensions of the taking as a matter of law. (2) Whether the easement held by the City of Greensboro is exclusive. (3) Whether the trial court erred by refusing to consider evidence that the railroad would not have abandoned the corridor in the absence of the NITU. (4) Whether the court applied an incorrect methodology in assessing just compensation. (5) Whether the court erred in assessing prejudgment interest at the Moody's Aaa corporate bond rate.

Have there been discussions with other parties relating to settlement of this case?
☑ Yes   ☐ No

If "yes," when were the last such discussions?
  ☐ Before the case was filed below
  ☑ During the pendency of the case below
  ☐ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☐ Yes   ☑ No

If they were mediated, by whom?

Do you believe that this case may be amenable to mediation? ☐ Yes   ☑ No
Explain.

The United States believes the parties' positions are too far apart for mediation to be productive.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

Date: 7/25/25                    Signature: /s Christopher Anderson
                                 Name:      Christopher Anderson

Save for Filing